UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL S. IOANE, SR., | No. 1:19-cv-00846-DAD-JDP (HC) |
| Petitioner, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS PETITION |
| DAN JOSLIN, *et al.*, | |
| Respondents. | (Doc. No. 6) |

Petitioner Michael S. Ioane, Sr. is a federal prisoner proceeding *pro se* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 28, 2020, the assigned magistrate judge issued findings and recommendations, recommending that the petition for federal habeas relief be denied due to lack of subject-matter jurisdiction. (Doc. No. 6.) The findings and recommendations were served on all parties and contained notice that any objections thereto were to be filed within fourteen (14) days of service. On February 14, 2020, petitioner filed timely objections. (Doc. No. 8).

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's

/////

1

objections, the court concludes that the findings and recommendations are supported by the record and proper analysis.

In his objections, petitioner does not dispute the magistrate judge's findings and recommendations but rather only requests consolidation of the instant case with *Ioane v. Merlak*, No. 1:19-cv-01585-GSA (PC) (E.D. Cal. 2019), a § 1983 action petitioner has pending in this district. (Doc. No. 8.) However, these two cases do not share common questions of law and fact and, therefore, consolidation is not justified under the circumstances. *See* Fed. R. Civ. P. 42(a). If plaintiff wishes to file a new § 1983 action to pursue his claims that he was provided "substandard medical care," he is free to do so, subject to the instructions given by the magistrate judge in the pending findings and recommendations. (Doc. No. 6 at 3.)

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, as an appeal is only allowed under certain circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). In addition, Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

If, as here, a court denies a petition for a writ of habeas corpus, the court may only issue a certificate of appealability when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court concludes that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not

entitled to federal habeas corpus relief wrong or debatable, and they would not conclude that petitioner is deserving of encouragement to proceed further. The court therefore declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on January 28, 2020 (Doc. No. 6) are adopted in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is denied for lack of subject-matter jurisdiction;
3. The Clerk of the Court is directed to close this case; and
4. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **April 21, 2020**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE

3